Case No. 18–4264

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

AGUSTO NIZ-CHAVEZ, )
    Petitioner, )
)
v. )
)
MERRICK B. GARLAND, Attorney General, )
    Respondent. )

**FILED**
Jul 02, 2021
DEBORAH S. HUNT, Clerk

**O R D E R**

BEFORE:  COLE and LARSEN, Circuit Judges[*]

    This case is before us on remand from the United States Supreme Court, *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which reversed our initial opinion, *Niz-Chavez v. Barr*, 789 F. App'x 523 (6th Cir. 2019). In our previous opinion, we denied Petitioner Agusto Niz-Chavez relief on three claims: (1) that the Board of Immigration Appeals ("BIA") erred in affirming the denial of his application for withholding of removal, (2) that the BIA erred in affirming the denial of his application for protection under the Convention Against Torture ("CAT"), and (3) that the BIA erred in denying his motion to remand to consider his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

    The Supreme Court's decision implicates only our resolution of Niz-Chavez's third claim, his appeal from the denial of his motion to remand. As we previously explained, eligibility for cancellation of removal depends, in part, on whether a person has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of" the application for relief, § 1229b(b)(1)(A), and any period of continuous presence is deemed to end when the applicant "is served a notice to appear under section 1229(a)," *id.* § 1229b(d)(1). This is widely known as the "stop-time" rule. Our previous opinion affirmed the BIA's

---

[*] The Honorable Gilbert S. Merritt, Circuit Judge, who was initially a member of this panel, assumed inactive senior status and did not participate in this decision.

determination that the stop-time rule is triggered when the government provides a person with all the information required under 8 U.S.C. § 1229(a)(1), even if conveyed in more than one document. *Niz-Chavez*, 789 F. App'x at 531. Recently, the Supreme Court reversed our decision, holding that the stop-time rule is not triggered until a person receives a single notice document containing all the information enumerated in § 1229(a)(1). *Niz-Chavez*, 141 S. Ct. at 1486. In light of that holding, this court and the BIA erred in finding that the stop-time rule was triggered by piecemeal notices before Niz-Chavez had established ten years of continuous presence.

The BIA may have denied Niz-Chavez's motion to remand on a second, independent ground: that "[Niz-Chavez] has not proffered any material evidence that was previously unavailable at his prior hearing or evidence which establishes his prima facie eligibility for the relief requested." (BIA Decision at 4 (citing 8 C.F.R.§ 1003.2(c)(1)).) But that rationale no longer stands. Given *Niz-Chavez* and its holding that the notices Niz-Chavez received did not trigger the stop-time rule, he is now able to present new evidence regarding whether he has been continuously present in the country for at least ten years.

Accordingly, we REVERSE the BIA's denial of his motion to remand proceedings and REMAND for further proceedings consistent with the opinion of the Supreme Court.[1]

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[1] For the reasons stated in our previous opinion, we AFFIRM the BIA's denial of Niz-Chavez's appeals on his applications for withholding of removal and for protection under the CAT. *See Niz-Chavez*, 789 F. App'x at 526–29.