FILED
Dec 20, 2021
DEBORAH S. HUNT, Clerk

Case No. 18–4264

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| AGUSTO NIZ-CHAVEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MERRICK B. GARLAND, U.S. Attorney General, | ) |
| | ) |
| Respondent. | ) |

BEFORE:    COLE and LARSEN, Circuit Judges[*]

Petitioner Augusto Niz-Chavez has filed a motion for attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Because the Government's position in this case was "substantially justified," we DENY the motion.

In 2019, this court denied relief to Niz-Chavez on three claims. We held that the Board of Immigration Appeals (BIA) did not err by: (1) affirming the denial of his application for withholding of removal, (2) affirming the denial of his application for protection under the Convention Against Torture (CAT), or (3) denying his motion to remand to consider his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *See Niz-Chavez v. Barr*, 789 F. App'x 523, 525 (6th Cir. 2019). The United States Supreme Court reversed on Niz-Chavez's third claim in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). On remand from the

---

[*] Gilbert S. Merritt, Circuit Judge, has assumed inactive senior status and did not participate in this order.

Case No. 18–4264, *Niz-Chavez v. Garland*

Supreme Court, we entered an order reversing the BIA's denial of the motion to remand and remanding for further proceedings consistent with the Supreme Court's opinion. For the reasons stated in our previous opinion, we also affirmed the BIA's denial of Niz-Chavez's appeals on his applications for withholding of removal and for protection under the CAT. Shortly thereafter, Niz-Chavez filed a motion for attorneys' fees and expenses under the EAJA. The government opposes the motion.

To recover attorney fees under the EAJA, "(1) [the plaintiff] must be a 'prevailing party'; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014); *see also* 28 U.S.C. § 2412(d)(1)(A). For the Government's position to be "substantially justified," *see* 28 U.S.C. § 2412(d)(1)(A), it must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Said differently, it must have "a reasonable basis both in law and fact." *Id.*

The Government's position was "substantially justified." Eligibility for cancellation of removal depends, in part, on whether a person has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of" the application for relief, 8 U.S.C. § 1229b(b)(1)(A), and any period of continuous presence is deemed to end when the applicant "is served a notice to appear under section 1229(a)," *id.* § 1229b(d)(1). This is known as the "stop-time" rule.

When these proceedings began, it was an open question whether the government must provide all the information required by 8 U.S.C. § 1229(a)(1)(A)-(G) in one document to trigger the "stop-time" rule, or whether the information could be provided in multiple installments. The

Case No. 18–4264, *Niz-Chavez v. Garland*

Supreme Court's opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), did not address that question. *See Niz-Chavez*, 141 S. Ct. at 1479; *id.* at 1488 (Kavanaugh, J., dissenting). The fact that the government was litigating an issue of first impression cuts against a finding that its position was not substantially justified. *See Saysana v. Gillen*, 614 F.3d 1, 6 (1st Cir. 2010) ("Where, as here, a case presents a novel issue and one on which there is little precedent, courts have found that an award of EAJA fees is not warranted."); *Hyatt v. Shalala*, 6 F.3d 250, 256 (4th Cir. 1993) ("The Secretary was justified in litigating the issue on appeal because it was still one of first impression in this circuit.").

Our circuit and the BIA ultimately agreed with the government's position—that it could send the information in multiple installments. *See Garcia-Romo v. Barr*, 940 F.3d 192, 196–97 (6th Cir. 2019*) cert. granted, judgment vacated sub nom. Garcia-Romo v. Garland*, 141 S. Ct. 2590 (2021); *In re Mendoza-Hernandez*, 27 I. & N. Dec. 520, 535 (B.I.A. 2019) (en banc). So did three justices of the Supreme Court. *See Niz-Chavez*, 141 S. Ct. at 1498 (Kavanaugh, J., dissenting). "[J]ust because the Government's position . . . [did] not, in the end, win the day, does not mean that the Government's position is not substantially justified." *Saysana*, 614 F.3d at 6. There was sufficient agreement with the government's position for us to conclude that it was "justified to a degree that could satisfy a reasonable person." *See Pierce*, 487 U.S. at 565. Because the government's position was "substantially justified," we DENY Niz-Chavez's motion for attorneys' fees and expenses.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk